## IN THE UNITED STATES DRISTICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRESENIUS KABI USA, LLC<br><br>                  Plaintiff,<br><br>    v.<br><br>MAIA PHARMACEUTICALS, INC.<br><br>                  Defendant. | Civil Action No. 16-cv-237-GMS |

**PLAINTIFF FRESENIUS KABI USA, LLC'S BRIEF IN OPPOSITION OF DEFENDANT MAIA PHARMACEUTICALS, INC.'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1404(a)**

**OF COUNSEL:**

Imron T. Aly (*pro hac vice* application to be filed)
Jason G. Harp (*pro hac vice* application to be filed)
233 S. Wacker Drive
Chicago, IL 60606
312-258-5500 (tel.)
312-258-5600 (fax)

John K. Hsu (*pro hac vice* application to be filed)
901 K. Street NW
Suite 700
Washington, DC 20001
202-778-6400 (tel.)
202-778-6460 (fax)

Christine Feller (*pro hac vice*)
Ahmed M.T. Riaz (*pro hac vice*)
666 Fifth Ave.
Suite 1700
New York, NY 10103
212-753-5000 (tel.)
212-753-5044 (fax)

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Fresenius Kabi USA, LLC*

June 1, 2016

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. THE *JUMARA* FACTORS FAVOR DENIAL OF THE MOTION TO TRANSFER ....... 2

   A. The Private Interests Favor Denial of Maia's Motion ...................................................... 3

      1. Fresenius Kabi's choice of forum should receive heightened deference ................... 3

      2. Little weight should be accorded to Maia's preference to litigate in the District of New Jersey ......................................................................................................................... 6

      3. Acts of infringement will take place in Delaware ........................................................ 6

      4. New Jersey is not more convenient for the parties ...................................................... 8

      5. The convenience of witnesses does not favor transfer ................................................ 9

      6. The Location of the parties' books and records does not favor transfer ................... 10

   B. The Public Interest Factors Weigh Against Transfer ..................................................... 10

   C. The Balance of the Factors Weighs in Favor of Denying Maia's Motion ..................... 12

III. CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*Acorda Therapeutics, Inc. v. Mylan Pharms. Inc.*,
   817 F.3d 755 (Fed. Cir. 2016) .................................................................................... 7

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ....................................................................... 9, 10

*AIP Acquisition LLV v. iBasis, Inc.*,
   No. 12-cv-616-GMS, 2012 WL 5199118 (D. Del. Oct. 19, 2012) ............................ 3

*AstraZeneca AB v. Mylan Pharmaceuticals, Inc.*,
   72 F. Supp. 3d 549 (D. Del. 2014) ............................................................................ 7

*Boston Sci. Corp. v. Johnson & Jonson Inc.*,
   532 F. Supp. 2d 648 (D. Del. 2008) ............................................................. 2, 12, 13

*Devicor Med. Products, Inc. v. Biopsy Scis., LLC*,
   No. 10-cv-1060-GMS, 2013 WL 1628644 (D. Del. Apr. 15, 2013) ......................... 9

*Eli Lilly & Co. v. Medtronic, Inc.*,
   496 U.S. 661 (1990) ................................................................................................. 6

*Fresenius Kabi USA, LLC v. Fera Pharmaceuticals, LLC*,
   No. 15-cv-2654, D.I. 187 (D.N.J. May 27, 2016) .................................................... 5

*Glaxo, Inc. v. Novopharm, Ltd.*,
   110 F.3d 1562 (Fed. Cir. 1997) ................................................................................ 7

*Helicos Biosciences Corp. v. Illumina, Inc.*,
   858 F. Supp. 2d 367 (D. Del. 2012) ....................................................................... 12

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) ............................................................................ 3, 9

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
   797 F. Supp. 2d 472 (D. Del. 2011) ................................................................... 8, 10

*Intellectual Ventures I LLP v. Altera Corp.*,
   842 F. Supp. 2d 744 (D. Del. 2012) ..................................................................... 4, 6

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ..................................................................... 2, 3, 9, 10

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   No. 11-cv-400-GMS, 2013 WL 105323 (D. Del. Jan. 7, 2013) ............................................ 4, 9

*Ministar, Inc. v. Laborde*,
   626 F. Supp. 142 (D. Del. 1985)........................................................................................... 3

*Mitek Sys., Inc. v. United Servs. Auto Ass'n*,
   No. 12-cv-462-GMS, 2012 WL 3777423 (D. Del. Aug. 20, 2012).................................. 3, 4, 8

*Nottenkamper v. Modany*,
   No. 14-cv-672-GMS, 2015 WL 1951571 (D. Del. Apr. 29, 2015) ......................................... 6

*Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*,
   482 F. Supp. 2d 478 (D.N.J. 2007) ....................................................................................... 7

*Pennwalt Corp. v. Purex Indus., Inc.*,
   659 F. Supp. 287 (D. Del. 1986)........................................................................................... 4

*Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*,
   No. CV 14-1142-GMS, 2015 WL 4624164 (D. Del. July 31, 2015)...................................... 1

*Schubert v. Cree*,
   No. 12-cv-922-GMS, 2013 WL 550192 (D. Del. Feb. 14, 2013)...................................... 9, 12

*Schubert v. OSRAM AG*,
   No. 12-cv-923-GMS, 2013 WL 587890 (D. Del. Feb. 14, 2013)..................................... 2, 8, 9

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970).................................................................................................... 2

*Smart Audio Techs, LLC v. Apple, Inc.*,
   No. 12-cv-134-GMS, 2012 WL 5865742 (D. Del. Nov. 16, 2012)..................................... 2, 9

*Treehouse Avatar LLC v. Valve Corp.*,
   --- F. Supp. 3d ---, 2016 WL 1129726 (D. Del. 2016).................................................. 4, 10, 12

*Zeneca Ltd. v. Mylan Pharms., Inc.*,
   173 F.3d. 829 (Fed. Cir. 1999).............................................................................................. 7

**Statutes**           **Page(s)**

28 U.S.C. § 1404(a) ................................................................................................................ 2, 13

Plaintiff Fresenius Kabi USA LLC ("Fresenius Kabi) submits this brief in opposition to Defendant Maia Pharmaceuticals, Inc.'s ("Maia") Motion to Transfer Venue to the District of New Jersey.[1] Fresenius Kabi respectfully requests this Court to deny Maia's request to transfer this action to the United States District Court for the District of New Jersey.

I. **INTRODUCTION**

This litigation should stay in Delaware. Both Maia and Fresenius Kabi are incorporated in Delaware, which is a legitimate reason for Plaintiff's forum choice, and this choice is entitled to at least "heightened deference." *Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*, No. CV 14-1142-GMS, 2015 WL 4624164, at *4 (D. Del. July 31, 2015).

Fresenius Kabi has another good reason to keep the Maia and Dr. Reddy's litigations separate from the New Jersey actions. Unlike Maia and Dr. Reddy, the defendants in the New Jersey actions are not subject to the statutory thirty-month stay and may launch when approved. Accordingly, a rapid case schedule has been set: claim construction briefing is complete, fact discovery ends in August, and expert discovery will close in seven months. Maia and Dr. Reddy's, who *are* subject to the thirty-month stay, cannot easily consolidate their litigations with those actions without seriously disrupting the proceedings in New Jersey.

Granting of a motion to transfer is proper only where the factors strongly weigh in favor of transfer. This is not such a case. Fresenius Kabi had good reason to choose Delaware as a legitimate and convenient forum for both parties, and Maia has not met its burden of demonstrating that transfer is appropriate.

---

[1] Fresenius Kabi understands that Dr. Reddy's Laboratories, Inc., subject of a separate suit in the District of Delaware, C.A. No. 16-cv-169-GMS, has agreed to abide by the outcome of this motion. As such, Fresenius Kabi will refer to relevant facts of that litigation where appropriate.

## II. THE *JUMARA* FACTORS FAVOR DENIAL OF THE MOTION TO TRANSFER

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). The burden of establishing the need to transfer rests with the movant. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879-80 (3d Cir. 1995). And "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970); *Boston Sci. Corp. v. Johnson & Jonson Inc.*, 532 F. Supp. 2d 648, 654 (D. Del. 2008). Indeed, the plaintiff's choice of forum is a "paramount consideration" in any transfer analysis, and "is entitled to at least some degree of heightened deference, so long as 'rationale and legitimate' reasons underlie the selection." *Schubert v. OSRAM AG*, No. 12-cv-923-GMS, 2013 WL 587890, at *4 (D. Del. Feb. 14, 2013) (citing *Smart Audio Techs, LLC v. Apple, Inc.*, No. 12-cv-134-GMS, 2012 WL 5865742, at *6 (D. Del. Nov. 16, 2012)).

In this Circuit, the district court has "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weight in favor of transfer." *Jumara,* 55 F.3d at 883. While there is no definitive list of factors that must be considered, the Court has identified potential private and public interest factors that may be relevant. *Id.* The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the forums; and (6) location of books and records limited to the extent that the files could not be produced in the alternative forum." *Id.* at 879-80.

The public interest factors that may be considered include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the

local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

### A. The Private Interests Favor Denial of Maia's Motion

#### 1. Fresenius Kabi's choice of forum should receive heightened deference

The determination of whether to transfer venue under 28 U.S.C. § 1404(a) starts with the private interests. "The first private interest factor is the 'plaintiff's forum preference as manifested in the original choice" and is "[p]erhaps the most significant factor in the transfer analysis." *AIP Acquisition LLV v. iBasis, Inc.*, No. 12-cv-616-GMS, 2012 WL 5199118, at *2 (D. Del. Oct. 19, 2012) (quoting *Jumara*, 55 F.3d at 879). This Court has "observed that a corporate entity's state of incorporation is part of its 'home turf.'" *Mitek Sys., Inc. v. United Servs. Auto Ass'n*, No. 12-cv-462-GMS, 2012 WL 3777423, at *5 (D. Del. Aug.20, 2012). As such, Plaintiff's choice of forum in both its and Maia's state of incorporation is legitimate and rational.

Maia is incorrect that Delaware is not Fresenius Kabi's "home turf." In support of its position, Maia cites to *In re Link_A_Media Devices Corp.*; *Ministar, Inc. v. Laborde*; *Linex Techs., Inc. v. Hewlett-Packard Co.*; and *Pennwalt Corp. v. Purex Indus., Inc.,* which determined that "the mere fact that Delaware is the plaintiffs' choice of forum and ... the defendants' state of incorporation will not, standing alone, prevent this Court from transferring this suit to another forum." (D.I. 16 at 8-9.) But in three of those cases, the plaintiffs were not all incorporated in Delaware; they had merely chosen Delaware as the forum. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) ("Aside from [defendants'] incorporation in Delaware, that forum has no ties to the dispute or to either party."); *Ministar, Inc. v. Laborde*, 626 F. Supp. 142, 144 (D. Del. 1985) (finding four of six plaintiffs residents of Minnesota, two corporate plaintiffs incorporated in Delaware with principal places of business in Minnesota, ten defendants resident

or incorporated and located in Louisiana, and one corporate defendant incorporated in Delaware, but without any Delaware facilities); *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 287–88 (D. Del. 1986) ("Plaintiff Pennwalt is a Pennsylvania corporation with its principal place of business in Philadelphia."). That is not the case here; Fresenius Kabi, the sole plaintiff, is incorporated in Delaware. (DI 16 at 4.)

In the fourth case cited by Maia, the plaintiff was incorporated in Delaware and this Court restated that "a corporate entity's state of incorporation *is part of its 'home turf.'*" *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 11-cv-400-GMS, 2013 WL 105323, at *3 (D. Del. Jan. 7, 2013) (quoting *Mitek Sys., Inc. v. United Servs. Auto Ass'n*, No. 12-cv-462-GMS, 2012 WL 3777423, at *5 (D. Del. Aug. 20, 2012)) (emphasis added). Judge Stark reached this same conclusion after a survey of the conflicting opinions on the issue: "The Court agrees with those cases that include a corporate entity's state of incorporation as part of its 'home turf.' Accordingly, because IV has sued Defendants in Plaintiff's 'home turf,' its choice of Delaware as a litigation forum is entitled to paramount consideration." *Intellectual Ventures I LLP v. Altera Corp.*, 842 F. Supp. 2d 744, 754 (D. Del. 2012). Despite Maia's insistence, Delaware is part of Fresenius Kabi's, and Maia's, home turf. *See Linex*, 2013 WL 105323, at *3; *Mitek*, 2012 WL 3777423, at *5; *Altera*, 842 F. Supp. 2d at 754.

Similarly, in *Treehouse Avatar LLC v. Valve Corp.*, --- F. Supp. 3d ---, 2016 WL 1129726 (D. Del. 2016), defendant argued that even though plaintiff was incorporated in Delaware, it had done so only weeks before instituting the law suit and, therefore, Delaware should not be considered plaintiff's "home turf." *Id.* at *2. Defendants contended that it was more convenient and efficient to litigate the matter in Washington based on its incorporation, business offices, and the location of witness and books of records. This Court, however, decided

4

"[g]iven that 'convenience' is separately considered in the transfer analysis, the court declines to elevate defendant's choice of venue over the choice of plaintiff" and "plaintiffs have historically been accorded the privilege of choosing their preferred venue for pursuing their claims remains a factor in the application of the law of this circuit." *Id.*

Fresenius Kabi has a separate legitimate reason to have filed suit in Delaware besides its and Maia's place of incorporation. The New Jersey litigations all involve defendants who had filed their ANDAs before the patent-in-suit were listed in the Orange Book. As such, no statutory thirty-month stay applies, and Fresenius Kabi has been forced to file a motion for a preliminary injunction against one of the defendants to prevent launch before resolution on the merits. *Fresenius Kabi USA, LLC v. Fera Pharmaceuticals, LLC*, No. 15-cv-2654, D.I. 187 (D.N.J. May 27, 2016). Maia correctly recounts the rapid schedule entered in the New Jersey litigation—claim construction briefing is complete, fact discovery closes at the end of August, expert reports will be exchanged in September, all discovery closes in January, and dispositive motions are due at the end of January 2017. (D.I. 16 at 5.) The recently filed motion for preliminary injunction may further accelerate this schedule.

But Maia and Dr. Reddy's are in a different situation than the New Jersey defendants. Each filed its ANDA after the patent was listed. As such, the thirty-month stay applies and the litigations may proceed under a regular schedule. Maia does not explain how it expects to fit its litigation, which has barely begun, into a schedule where fact discovery closes in August. Were the Court to grant transfer, the inclusion of the Delaware actions risks delaying the current schedule or simply placing Maia and Dr. Reddy's at the back of the line of already scheduled cases. Separation of the two classes of litigants—those with and without statutory stays—to ensure the most efficient resolution of the disputes is a legitimate reason for Fresenius Kabi to

5

have filed the present action in Delaware. Maia does not address the legitimate reason of keeping the litigations separate for proceeding in Delaware.

In sum, Fresenius Kabi's choice of forum was rational and legitimate, both as the parties' state of incorporation and given the procedural posture of the cases in New Jersey. Accordingly, Fresenius Kabi's choice of forum is entitled to at least heightened deference, and therefore, this factor weights strongly against transfer.

### 2. Little weight should be accorded to Maia's preference to litigate in the District of New Jersey

Maia has stated its preference to litigate in the District of New Jersey, but as Maia's own cited authority states, "[u]nder Third Circuit law, Defendants' preference for an alternative forum is not given the same weight as Plaintiff's preference." *Nottenkamper v. Modany*, No. 14-cv-672-GMS, 2015 WL 1951571, at *3 (D. Del. Apr. 29, 2015) (quoting *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012)). At best, this factor is neutral or weighs only slightly in favor of transfer.

### 3. Acts of infringement will take place in Delaware

The acts of infringement, for which Plaintiff has brought the present suit, will take place in Delaware. This is a Hatch-Waxman case. Defendant is correct that "the submission of an ANDA to the FDA seeking approval 'to engage in the commercial manufacture, use, or sale of a drug … claimed in a patent or the use of which is claimed in a patent before the expiration of such patent' constitutes a "highly artificial" act of patent infringement." (D.I. 16 at 10); *Eli Lilly & Co. v. Medtronic, Inc.,* 496 U.S. 661, 678 (1990). However, as this Court recognized in *AstraZeneca AB v. Mylan Pharmaceuticals, Inc.,* "the Supreme Court has viewed the tortious act [of submitting an ANDA] as 'highly artificial' … is not a proper reason … to conclude that the ANDA filing is not a 'real act' with 'actual consequences.'" 72 F. Supp. 3d 549, 558 (D. Del.

6

2014) (citing *Zeneca Ltd. v. Mylan Pharms., Inc.,* 173 F.3d. 829, 833-34 (Fed. Cir. 1999)), *aff'd sub nom. Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755 (Fed. Cir. 2016). In finding personal jurisdiction over the defendant in *AstraZeneca*, this Court explained that "[t]he court finds that these consequences are suffered in Delaware" even though the ANDA had neither been prepared nor did the filing originate in Delaware. *Id.* at 558. Similarly, in the present matter, the consequences of Defendant's ANDA filing is one that will be suffered in Delaware.

Further, "[t]his 'artificial' act of infringement is not determinative of whether the defendants are liable for infringement; instead the issue 'is determined by traditional patent infringement analysis … the only difference being that the inquiries now are hypothetical' … Therefore, a court must determine 'what is likely to be sold, or, preferably, what will be sold, in order to ultimately determine whether infringement exists.'" *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, 482 F. Supp. 2d 478, 499-500 (D.N.J. 2007) (quoting *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1570 (Fed. Cir. 1997)). Similarly in this hypothetical inquiry the question posed should include where the product will be sold. *See Acorda Therapeutics*, 817 F.3d at 763 (finding filing of an ANDA sufficient specific act of infringement in Delaware to find personal jurisdiction). And, Defendant has admitted that "[w]hen the Maia ANDA product is approved and sold, it will be sold in every state of the United States," which necessarily includes Delaware. Decl. of Bikram S. Malik Supp. Maia's Mot. To Transfer ("Malik Decl."), D.I. 18 at ¶ 9. Thus, while Defendant may have researched and developed their ANDA application in New Jersey, infringement will also take place in Delaware. Accordingly, this factor weighs against transfer.

### 4.    New Jersey is not more convenient for the parties

Delaware is equally convenient for the parties.  In assessing the convenience of the parties as indicated by their relative physical and financial condition, this Court has traditionally examined issues including (i) the parties' physical location; (ii) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (iii) the relative ability of each party to bear costs in light of its size and financial wherewithal.  *Mitek Sys.*, 2012 WL 3777423, at *6 (citation omitted).

Maia does not provide any tangible evidence in support of its position that this factor weighs in favor of transfer.  In fact, Maia presents no evidence that it would cost more to litigate in Delaware, or that is not able to bear these costs.  As this Court has recognized, a Delaware corporation "face[s] an uphill in contending that Delaware represents an inconvenient forum." *OSRAM AG*, 2013 WL 587890, at *5 (reiterating that this Court has recognized that" a defendant incorporated in Delaware should generally not be heard to argue that litigating in this district is inconvenient") (citations omitted).  Moreover, Maia only makes the conclusory statement that it "is a small pharmaceutical company.  Thus, Maia will face a greater burden litigating in the District of Delaware vis-à-vis the District of New Jersey."  (D.I. 16 at 11.)  But in the previous paragraph Maia acknowledges that, "the logistical and operational costs of traveling to New Jersey rather than Delaware are minimal."  *Id.*  In fact, the close geographical proximity between Delaware and New Jersey suggests no functional difference in cost or convenience between the two fora for Maia.  At most, litigating in Delaware requires a slightly longer drive or train ride for Maia employees than would be required of them to litigate in New Jersey for the few instances where appearances in Delaware are required.  *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 482 (D. Del. 2011) ("The only events

likely to occur in Delaware are the claim construction hearing, any hearing on motions . . ., the pretrial conference, and trial. It is likely that no witnesses will be necessary at any of these proceedings other than trial.")

This Court has recognized that a relatively small distance between the two fora reduces any potential convenience benefits that may flow from transfer. *OSRAM AG*, 2013 WL 587890, at *5. And in *OSRAM*, the distance between Delaware and the proposed transferee forum of Massachusetts was greater than it is here. In light of this, the cases Maia cites on convenience of the parties are inapposite because they involve cross-country travel for the parties. *E.g.*, *Link_A_Media*, 662 F.3d at 1222 (seeking transfer to the Northern District of California); *Linux*, 2013 WL 105323, at *3 (same). Accordingly, convenience of the parties weighs against transfer, or is, at worst, neutral.

> 5. **The convenience of witnesses does not favor transfer**

The convenience of witnesses is only relevant to the transfer analysis "to the extent that the witness may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. "Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). Moreover, this factor is not given weigh unless "there is some reason to believe that a witness actually will refuse to testify absent a subpoena." *Smart Audio*, 2012 WL 5865742 at *8.

The declarations offered by Maia identify no non-employee fact witnesses, let alone attest to any refusal by any witness to testify absent a subpoena. Accordingly, this factor does not weigh in favor of transfer and is, at best, neutral. *See e.g.*, *Devicor Med. Products, Inc. v. Biopsy Scis., LLC*, No. 10-cv-1060-GMS, 2013 WL 1628644, at *5 (D. Del. Apr. 15, 2013); *Schubert v. Cree*, No. 12-cv-922-GMS, 2013 WL 550192, at *7-8 (D. Del. Feb. 14, 2013).

### 6. The Location of the parties' books and records does not favor transfer

The location of the parties' books and records does not weigh in favor of transferring the case to the District of New Jersey. The Third Circuit in *Jumara* held that the location of books and records is not a determinative factor unless *"the files c[an] not be produced in the alternative forum."* 55 F.3d at 879 (emphasis added). And in *Affymetrix*, this Court recognized that "recent technological advances have reduced the weight of this factor to virtually nothing." *Affymetrix*, 28 F. Supp. 2d at 208; *also Intellectual Ventures*, 797 F. Supp. 2d at 485 (collecting cases). Given the close proximity between Delaware and New Jersey, this factor is even less significant.

Indeed, Maia has not represented that it does not maintain its books and records in electronic format, and to the extent physical hard copies of documents must be produced Maia "fails to show how these documents or tangible evidence are incapable of being presented at trial in Delaware." *Treehouse*, 2016 WL 1129726, at *3. Accordingly, this factor does not favor transfer.

### B. The Public Interest Factors Weigh Against Transfer

With respect to the factors related to enforceability of the judgment and familiarity of the trial judge with applicable state law in diversity cases, the parties agree that neither factor is relevant here. However, the remaining public interest factors weigh in favor of denying Maia's motion to transfer.

Practical considerations weigh in favor of keeping the Delaware actions separate from those in New Jersey. As noted previously, Maia and Dr. Reddy's are in different legal and regulatory situations than the defendants in the New Jersey action. Transfer risks disrupting that litigation, which has already proceeded significantly toward resolution. As such, transfer of this

10

action to New Jersey would not reduce costs or efforts and would increase the complexity for the Court there.

Furthermore, judicial resources will not be wasted by keeping the litigations separate. As noted above, claim construction briefing is complete in the New Jersey action, so if the Delaware defendants would like to seek the construction of additional terms, that will require additional work for the New Jersey Court. If the Delaware actions are not transferred, then this Court may take notice of any substantive decisions rendered by the New Jersey Court, further streamlining the Delaware actions.

Nor does transfer reduce the litigation burden on the Delaware defendants. The same documents produced by Fresenius Kabi in the New Jersey actions will be produced to the Delaware defendants regardless of where the litigation proceeds. But the Delaware defendants will still be required to produce its documents and witnesses in either forum. In fact, the only risk of inconvenience is to *Fresenius Kabi's* witnesses that may have to deposed multiple times. But Fresenius Kabi has willingly taken on this possible inconvenience to keep the two classes of defendants separate for administrative efficiency.

As to the issue of court congestion, both fora have extensive dockets, but, as noted by Maia, a patent litigation on average goes from filing to trial in 60 fewer days in Delaware than in New Jersey. (D.I. 16 at 14.) If the Maia litigation is not consolidated with the New Jersey actions because of the different procedural postures and advanced nature of the earlier-filed actions, then the Maia litigation may proceed on a separate track. Maia's own evidence indicates that keeping this action separate from the New Jersey actions will result in quicker resolution for the parties here. *Id.*

Despite Maia's insistence, there is no real local interest in having the dispute heard in New Jersey. (D.I. 16 at 14-15.) The Court has previously heard and dismissed this argument. *Cree*, 2013 WL 550192, *6 ("The court, however, has recently observed that an infringement action is not properly characterized as a 'local controversy' simply because the litigation presents a matter of local interest in the defendant's home state."); *see also Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012) ("[T]o characterize patent litigation as 'local' undermines the appearance of neutrality that federal courts were established to provide and flies in the face of the national (if not global) markets that are affected by the outcome of these cases."); *Treehouse*, 2016 WL 1129726, at *4. The lack of local interest is especially true when, as here, the accused product will be sold nationwide. Malik Decl., D.I. 18 at ¶ 9; *see Intellectual Ventures*, 797 F. Supp. 2d at 486.

### C. The Balance of the Factors Weighs in Favor of Denying Maia's Motion

The private interests weigh in favor of denying Maia's motion. The most important, and weighty, factor is Fresenius Kabi's choice of forum. Fresenius Kabi has two legitimate reasons for selecting Delaware as the forum for the suit, and so its choice should be given heightened deference. *See Boston Sci.,* 532 F. Supp. 2d at 654. The location of acts of infringement also weighs in favor of denying the motion. The factors of party convenience, witness convenience, and location of records are neutral. The only factor slightly favoring transfer is Maia's forum preference and that is traditionally not given much weight. In sum, the private interest factors tip heavily toward Fresenius Kabi's original choice.

The public factors also favor Fresenius Kabi. Both practical considerations and administrative efficiency favor keeping the two classes of defendants separate and denying transfer of this action to New Jersey. Transfer risks either disrupting an advanced litigation that is subject to a preliminary injunction proceeding, or resolving the matter in more time than

12

would be needed in Delaware. The remaining public interest factors are either neutral or irrelevant.

When considered as a whole, this is not a situation where "the balance is strongly in favor of a transfer," so Fresenius Kabi's choice of forum should prevail. *Boston Sci.,* 532 F. Supp. 2d at 654. Given its national operations, incorporation in Delaware, and the relatively close distance between Delaware and the transferee forum, Maia has not proven that litigating in Delaware would be so inconvenient so as to warrant transfer.

### III.   CONCLUSION

For the reasons stated above, Fresenius Kabi respectfully requests that the Court deny Maia's motion to transfer venue to New Jersey pursuant to 28 U.S.C. § 1404(a).

Dated: June 1, 2016                                     Respectfully submitted,

                                                        FARNAN LLP

                                                        /s/ Brian E. Farnan
                                                        Brian E. Farnan (#4089)
                                                        Michael J. Farnan (#5165)
                                                        919 North Market Street
                                                        12th Floor
                                                        Wilmington, DE 19801
                                                        302-777-0300 (tel.)

                                                        *Attorneys for Plaintiff*
                                                        *Fresenius Kabi USA, LLC*

**OF COUNSEL:**

SCHIFF HARDIN LLP
Imron T. Aly (*pro hac vice* application to be filed)
Jason Harp (*pro hac vice* application to be filed)
233 S. Wacker Drive
Chicago, IL 60606
312-258-5500 (tel.)
312-258-5600 (fax)

John K. Hsu (*pro hac vice* application to be filed)
901 K. Street NW
Suite 700
Washington, DC 20001
202-778-6400 (tel.)
202-778-6460 (fax)

Christine Feller (*pro hac vice)*
Ahmed M.T. Riaz (*pro hac vice*)
666 Fifth Ave.
Suite 1700
New York, NY 10103
212-753-5000 (tel.)
212-753-5044 (fax)